**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRADLEY SMITH, on behalf of himself and and all other persons similarly situated, known and unknown,** | ) ) ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | **Judge** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **ROKA AKOR CHICAGO LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Bradley Smith ("Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys, and for his Complaint against Defendant Roka Akor Chicago LLC ( "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly-situated current and former tip-credit employees overtime wages at the correct rate for hours worked over forty (40) in individual work weeks.

2.      Plaintiff and the persons he seeks to represent are current and former servers, server assistants, food runners, bussers, and bar staff (collectively "Tip-Credit Employees") working in Defendant's Chicago, Illinois restaurant.

3.      Defendant takes a tip credit toward the minimum and overtime wages of its Tip-Credit Employees.

4.     Defendant denied its Tip-Credit Employees overtime wages by failing to pay these employees at the correct overtime rate for hours worked over forty (40) in individual work weeks, thereby violating the overtime provisions of the FLSA and IMWL.

5.     In particular, Defendant paid its Tip-Credit Employees overtime for hours worked over forty (40) in individual work weeks at a rate of one and one-half times the $4.95 per hour tip-credit rate (or $7.43 per hour), rather than one and one-half times the full minimum wage of $8.25, minus the maximum tip credit of $3.30 per hour (or $9.08 per hour), as required by the FLSA and IMWL.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

9.     Plaintiff resides in and is domiciled within the State of Washington.

10.     Plaintiff worked for Defendant as a server from approximately June 2011 to July 2014.

11.     Defendant Roka Akor Chicago LLC operates a steak and sushi restaurant in Chicago, Illinois.

**BACKGROUND FACTS**

12.     Defendant is an "enterprise" as defined by the FLSA. 29 U.S.C. §203(r)(1).

2

13.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA. 29 U.S.C. §203(s)(1).

14.     Defendant's annual gross sales have exceeded $500,000, exclusive of excise taxes, in 2012, 2013, 2014, and 2015.

15.     During the entire course of his employment by Defendant, Plaintiff was Defendant's "employee" as defined by the FLSA. 29 U.S.C. §203(d)

16.     During the entire course of his employment by Defendant, Plaintiff was Defendant's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

17.     During the entire course of Defendant's employment of Plaintiff, Defendant was Plaintiff's "employer" as defined in the FLSA. 29 U.S.C. §203(d).

18.     During the entire course of Defendant's employment of Plaintiff, Defendant was Plaintiff's "employer" as defined in the IMWL. 820 ILCS 105/3(c).

19.     During the entire course of his employment by Defendant, Plaintiff was not exempt from the overtime provisions of the FLSA.

20.     During the entire course of his employment by Defendant, Plaintiff was not exempt from the overtime provisions of the IMWL.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### Section 216(b) Collective Action

21.     Plaintiff incorporates within Count I the paragraphs alleged above.

22.     This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages at the correct rate to Plaintiff and similarly-situated Tip-Credit Employees.

23.     A copy of Plaintiff's consent form to act as a representative party plaintiff in this

overtime FLSA collective action is attached as Exhibit A.

24. In one or more work weeks during the last three years, Defendant took a tip credit toward the overtime wages it paid to Plaintiff and its other Tip Credit Employees.

25. In one or more work weeks during the last three years, Plaintiff and Defendant's other Tip-Credit Employees were not exempt from the overtime provisions of the FLSA.

26. In one or more work weeks during the last three years, Plaintiff and certain of Defendant's other Tip-Credit Employees were directed by Defendant to work, and did so work, in excess of 40 hours per week in individual work weeks.

27. In one or more work weeks during the last three years, Defendant failed to pay Plaintiff and certain other Tip-Credit Employees overtime wages at the required rate of one and one-half times the minimum wage of $8.25 per hour, minus the maximum tip credit of $3.30 per hour (or $9.08 per hour), for all time worked in excess of forty (40) hours in individual workweeks.

28. Instead, Defendant paid Plaintiff and certain other Tip-Credit Employees one and one-half times the tip-credit rate of $4.95 per hour (or $7.43 per hour). *See* Exhibit B, ROKACHI0000710, payroll summary for 2013; dividing Plaintiff's overtime pay by his hours worked shows he was paid overtime at $7.43 per hour).

29. Defendant's failure to pay overtime at the correct rate to Plaintiff and certain other Tip-Credit Employees violated the FLSA.

30. Defendant's failure to pay Plaintiff and certain other Tip-Credit Employees overtime wages at the correct rate was a willful violation the FLSA.

WHEREFORE, Plaintiff and similarly-situated Tip-Credit Employees pray for judgment against Defendant as follows:

A.   judgment in the amount of the owed overtime wages for all time worked by Plaintiff and other Tip-Credit Employees;

B.   liquidated damages in an amount equal to the amount of unpaid overtime wages;

C.   reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.   such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**Class Action**

31.   Plaintiff incorporates within Count II the paragraphs set forth above.

32.   This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff and other Tip-Credit Employees that he represents overtime wages at the correct rate for time worked in excess of forty (40) hours in individual workweeks.

33.   Plaintiff brings this Count II as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Plaintiff seeks to represent a class of Tip-Credit Employees who worked over forty (40) hours in individual work weeks ("the Class").

34.   For all time worked in excess of forty (40) hours in individual workweeks, Plaintiff and the Class were entitled to be paid at one and one-half times the full minimum wage of $8.25 per hour, minus the maximum tip credit of forty (40) percent of the current minimum wage ($3.30 per hour) (which yields an overtime rate of $9.08 per hour).

35.   Instead, in one or more work weeks during the last three years, Plaintiff and members of the Class were paid overtime at a rate of one and one-half times the tip-credit rate of $4.95 per hour (or $7.43 per hour).

36.   In the last three years, Defendant has employed approximately forty (40) or more

5

Tip-Credit Employees who were required to work, and did so work, in excess of forty (40) hours in one or more individual work weeks.

37.     This Count II is brought as a class action because the proposed members of the Class are so numerous that joinder of all members is impracticable.

38.     The issues involved in this lawsuit present common questions of law and fact, including whether Tip-Credit employees worked over forty (40) hours in individual work weeks and, if so, whether they were paid overtime at the correct rate.  These common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

39.     Plaintiff and the proposed Class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

40.     Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

41.     If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendant.  Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

WHEREFORE, Plaintiff and the Class pray for judgment against Defendant as follows:

A       judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.      prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     reasonable attorneys' fees and costs of this action as provided by the Illinois

Minimum Wage Law;

D.     such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY ON ALL COUNTS.**

Dated:  April 10, 2015

Respectfully submitted,

s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas- msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312-419-1008